42,903

C. F. JEFFERSON, *Appellant,* v. CHARLES CLARK, *Appellee.*

(376 P. 2d 923)

Opinion filed December 8, 1962.

*Donald R. Newkirk,* of Wichita, argued the cause and *Wayne Coulson, Paul R. Kitch, Dale M. Stucky, Robert J. Hill, Gerrit H. Wormhoudt, Philip Kassebaum, John E. Rees, Robert T. Cornwell, Willard B. Thompson* and *David W. Burton,* all of Wichita, were with him on the briefs for the appellant. *Hugo T. Wedell* and *Homer V. Gooing,* of counsel.

*Robert M. Bond,* of El Dorado, argued the cause, and *L. J. Bond,* of El Dorado, was with him on the briefs for the appellee.

The opinion of the court was delivered by

JACKSON, J.: This appeal concerns an automobile collision which occurred at about 12:15 p. m. on Sunday, September 21, 1958 when plaintiff-appellant was driving a 1955 Oldsmobile east on Central Avenue in Wichita and defendant-appellee was driving a 1958 Ford from the south into the intersection of Central Avenue and Rock Road.

Central Avenue is a through street and there were stop signs on Rock Road cautioning defendant to stop before entering the intersection. Defendant testified that he had stopped for the intersec-

tion, when he observed a car coming at a rapid rate; that he stopped as quickly as he was able. His front end extended some two or more feet into the intersection.

Plaintiff estimated that he was driving between thirty-five and forty miles per hour. The speed limit on Central Avenue was thirty-five miles per hour. Plaintiff observed defendant as he approached the intersection; he apparently was going to stop for the stop sign; that plaintiff looked to the road to the north and saw no other car, glanced to the front again and saw defendant in the intersection or almost in it. Plaintiff tried to stop or turn to the left but had no time; that the collision occurred and plaintiff's car went forward to the north and finally turned over.

Plaintiff's petition asked for damages based on injuries to the person of the plaintiff and included nothing for injury to his car. He later endeavored to amend and include damages to his car but the trial court sustained defendant's objections to the amendment. This will be discussed later.

The case was tried to a jury which was instructed by the court and which brought in a verdict for the plaintiff in the amount of $5,000 and answered the following special questions:

"1. What was the speed of plaintiff as he approached the intersection of Rock Road and Central Avenue?

"Answer: In excess of 40 miles an hour.

"2. Where was the automobile, being driven by the defendant, when first seen by the plaintiff, C. F. Jefferson?

"Answer: Approaching the stop sign on Rock Road slowing to stop.

"3. Do you find from the evidence that plaintiff was under the influence of intoxicating liquor at the time of the accident?

"Answer: No.

"4. Was the plaintiff guilty of negligence which contributed as a direct and proximate cause of the accident and his injuries?

"Answer: Yes.

"If so, state the acts of negligence: exceeding the speed limit.

"5. Was the defendant guilty of negligence which was a direct and proximate cause of the accident and plaintiff's injuries?

"Answer: Yes.

"If so, state the acts of negligence: Failed to yield after stopping."

Plaintiff moved to set aside the answer to question 4 on the ground that the negligence found was not as a matter of law the proximate cause of the accident and if this motion were not granted, plaintiff moved for a new trial.

The defendant moved for judgment on the special interrogatories notwithstanding the general verdict.

When the post-trial motions of both parties came on for hearing, the trial court overruled both of plaintiff's motions and granted defendant judgment on the special findings notwithstanding the general verdict. Plaintiff promptly appealed to this court and urges that his motions should have been granted.

We note that the first specification of error by the plaintiff is as follows:

"1. The trial court erred in giving instruction No. 24 (which stated the 'but for' contributory negligence rule), because it was in direct conflict with instruction No. 25 (which correctly stated the Kansas contributory negligence rule), was an incorrect statement of the law and was misleading."

We do find that instruction No. 24 seems to be a "but for" instruction and does not state the rule of this jurisdiction as to contributory negligence. In *Townsend, Administrator v. Jones,* 183 Kan. 543, at page 554, 331 P. 2d 890, it is said:

"It is argued that if the defendant had been driving his vehicle at the legal rate of speed, the decedent would have had time to cross the highway without being struck. This simply says that *but for* the fact that the defendant was speeding the accident would not have happened. 'But for' causation is not the test of liability in a negligence case. There must be more, the negligence must be the proximate cause and before a plaintiff can recover he must be free of negligence which contributed to the accident."

And see discussion in 65 C. J. S. Negligence § 106 at p. 656, where it is said in part as follows:

"On the other hand, while that without which the injury would not have occurred is sometimes regarded as the proximate cause, strictly speaking, the two should not be confused, and the mere fact that the injury would not have occurred but for the negligence charged does not necessarily make such negligence the proximate or legal cause of the injury or a substantial factor in bringing about the injury. So, although the negligent act may have been the cause of one injury, it will not be considered the proximate cause of another injury merely because it caused or may have caused conditions which contributed to the second injury, and but for whose existence the second injury might not have happened. In order to impose liability, the negligence charged must be the causa causans, or the cause which produced the injury for which recovery is sought, and not merely the causa sine qua non."

It must be remembered that the grave question here was whether plaintiff's speed of around forty miles per hour instead of thirty-five miles per hour was the proximate cause of the accident.

Instructions No. 24 and No. 25 read as follows:

"Instruction No. 24.

"By 'contributory negligence' is meant the failure on the part of one who sustains injuries to use ordinary care for his own safety and by reason of which

he helped to cause or bring about the injuries complained of, but for which contributory negligence at the time and place complained of the injuries would not have occurred. The burden of proving such contributory negligence is upon the person urging that claim. Contributory negligence is never presumed.

"Instruction No. 25.

"One seeking to recover damages from another upon the grounds of negligence is barred from such recovery when his own negligence contributes directly and proximately to his injury. If you find by a preponderance of the evidence that the negligence of the plaintiff was the direct and proximate cause of the collision, your verdict should be for the defendant."

The two instructions cover much the same ground and actually are somewhat inconsistent. This inconsistency goes to the matter of defining proximate cause and under what circumstances contributory negligence is the proximate cause. We believe that instruction No. 24 is inaccurate and contrary to instruction No. 25 which seems to be the rule applied in this state.

Plaintiff also finds fault with instruction No. 14 upon the question of this matter of contributory negligence and proximate causation. Instruction No. 14 reads as follows:

"Instruction No. 14.

"Section 8-532 of the 1957 Supplement to the General Statutes of Kansas provides, insofar as applicable:

" '(a) No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions then existing. In every event speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care.

" '(b) . . . Except when a special hazard exists that requires lower speed for compliance with paragraph (a) of this section, the limits specified in this section or established as hereinafter authorized shall be maximum lawful speeds, and no person shall drive a vehicle on a highway at a speed in excess of such maximum limits.'

"The lawful, posted maximum speed limit at the location involved was 35 miles per hour."

Here again we find no warning that such excessive speed must be the proximate cause of the accident, nor really any warning that a party would have the burden of proving the matter of excessive speed unless it were admitted.

In view of the fault found with instruction No. 24, we find further reason for apprehension as to instruction No. 14. The instruction should be corrected as suggested.

The jury in this case cannot be thought to have understood the question of proximate cause for they found first that plaintiff was

contributorially negligent and that such negligence was a proximate cause of the accident, and then gave plaintiff a judgment for $5,000.

Plaintiff argues strongly that the trial court committed error in not allowing him to amend his petition to add the cost for the damages to his automobile. We feel that the court erred in that decision. The case of *Foster v. Humburg*, 180 Kan. 64, 299 P. 2d 46, appears to be almost a "bay horse" case on the point. There is no change of cause of action in the profered amendment (*Davison v. Eby Construction Co.*, 169 Kan. 256, 218 P. 2d 219; *Fiscus v. Kansas City Public Ser. Co.*, 153 Kan. 493, 112 P. 2d 83). As said in the Foster case, *supra*, the amendment relates back to the filing of the original petition.

We think that the question of proximate cause was a jury question, and that the instructions upon the matter were in error. We believe the case should be reversed with directions to grant a new trial. Other questions raised need not be answered since the new trial should resolve all other matters.