No. 45,201

CLEO COLE, *Appellant*, v. DAVID DIRKSON, *Appellee*.

(449 P. 2d 584)

Opinion filed January 25, 1969.

*Russell Cranmer,* of Wichita, argued, the cause, and *Gerald L. Michaud, Orval L. Fisher, M. William Syrios, Kenneth Ingham* and *Bradley Post,* all of Wichita, were with him on the briefs for the appellant.

*Jerry G. Elliott,* of Wichita, argued the cause, and *George B. Powers, John F. Eberhardt, Stuart R. Carter, Robert C. Foulston, Malcolm Miller, Robert N. Partridge, Robert M. Siefkin, Richard C. Harris, Gerald Sawatzky, Donald L. Cordes, Robert L. Howard, Charles J. Woodin, Mikel L. Stout, Benjamin C. Langel, Phillip S. Frick, John E. Foulston, Stanley G. Andeel* and *John E. Neal,* all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

HATCHER, C.: This is an appeal from a judgment in favor of the defendant in an action to recover damages for alleged personal injuries and property damage resulting from contact between two automobiles.

The only witnesses were the plaintiff and the defendant, the drivers of the two cars.

The defendant was backing his automobile from his drive on the east side of Shelton Street, Wichita, Kansas. He looked to the south and the north and observed a car approaching some 140 feet to the north. He stopped in his approach between the curb and the side-

walk. Defendant waited until the car from the north had passed, looked in both directions, saw no vehicles approaching and proceeded to back out into the street at a speed of three to five miles per hour. From the position where defendant had stopped a tree in his neighbor's yard limited his view to the south to about fifty feet. All of defendant's car was in the street with the exception of the front wheels which were still in the approach when he made contact with plaintiff's automobile which he had not seen or heard. His bumper was scratched and a tail light damaged which cost $1.50 to repair. These facts were given by the defendant from his point of view.

The plaintiff gave her version of the incident. She was coming from the south and as she approached defendant's driveway, she observed him backing out. She slowed down about three or four car lengths back when she saw defendant stop for the car coming from the north. This car passed. Plaintiff testified:

"Q. Then you started on by, is that right?

"A. That's right.

"Q. This other car had already gone on by?

"A. Yes, sir.

"Q. How far away was the other car when the accident occurred, do you know?

"A. I didn't look to see.

"Q. Did it stop and come back to the scene?

"A. No, sir, it didn't.

"Q. Well, was it your opinion that Mr. Dirkson was going to back on out into the street to go somewhere?

"A. *It was, but I thought I would get by first.*

"Q. All right, and you never looked at him directly to see whether he ever looked over and saw you?

"A. No, I figured after he saw the other car he's [sic] naturally look my way and see me, too.

"Q. All right. He'd have to turn back around and look for you, wouldn't he?

"A. Yes.

"Q. All right. And, as I understand it, *you didn't honk your horn at any time until just at impact or just—*

"A. *Just a split second or just right at impact.*" (Emphasis supplied.)

The bumper of plaintiff's automobile was bent and the quarter panel bent in. The extent of plaintiff's injury and damages, which were questioned by defendant, are not an issue in this appeal. At the pretrial conference the issues, other than the nature and extent of plaintiff's injury, were determined to be—

"A. Was the defendant guilty of negligence which was a proximate cause of the accident?

"B. Was the plaintiff guilty of contributory negligence which was a proximate cause of the accident?"

The case was tried to a jury which rendered a general verdict for defendant. No special questions were submitted. The trial court approved the verdict and rendered judgment thereon.

The plaintiff has appealed.

The gravamen of appellant's contentions is that the appellee was guilty of negligence as a matter of law and there was no substantial evidence to support the claim of contributory negligence. This results in the further contention that the trial court should have so instructed the jury.

The appellant places considerable stress on K. S. A. 8-553 which provides:

"The driver of a vehicle about to enter or cross a highway from a private road or driveway shall yield the right of way to all vehicles approaching on said highway."

Assuming arguendo that the appellee did violate this statute, the question of causation would necessarily remain open for determination. This court adheres to the rule that the mere fact that a person violates a traffic regulation does not establish actionable negligence as a matter of law, as the question of proximate cause remains for determination. (*In re Estate of Lloyd,* 178 Kan. 572, 576, 290 P. 2d 817; *Applegate v. Home Oil Co.,* 182 Kan. 655, 661, 324 P. 2d 203.)

The consideration of a few general principles applicable to appellate review should dispose of this controversy.

A general verdict for a defendant, without special questions, resolves all controverted issues of fact against the plaintiff. So, in this case the general verdict in favor of appellee resolved all questions relating to actionable negligence against the appellant and in favor of the appellee. (*West v. Lear,* 167 Kan. 222, 205 P. 2d 910; *Beye v. Andres,* 179 Kan. 502, 296 P. 2d 1049; *Howell v. Ablah,* 188 Kan. 244, 361 P. 2d 872.)

A general verdict will not be disturbed on appeal if there is any evidence to support it and this court should concern itself only with whether there is any evidence, inferences to be drawn therefrom or rationales which support the verdict. The appellate court on review should not attempt to weigh the evidence. (*Stephenson v. Wallis,* 181 Kan. 254, 311 P. 2d 355; *Canfield v. Oberzan,* 196 Kan. 107, 410 P. 2d 339; *Horton v. Montgomery Ward,* 199 Kan. 245, 249, 428 P. 2d 774.)

This court cannot say as a matter of law that there was no substantial competent evidence or inferences to be drawn therefrom which would justify reasonable minds in finding the appellant guilty of contributory negligence. (*Gardner v. Pereboom*, 197 Kan. 188, 194, 416 P. 2d 67.) Appellant thought she could get by appellee before he backed out in the street, but she made no effort to warn appellee of her intentions by sounding her horn.

If the appellant was guilty of contributory negligence, the negligence of the appellee, if any, becomes immaterial as not being the sole proximate cause.

The judgment is affirmed.

APPROVED BY THE COURT.