No. 47,096

Ronald L. Stucky, *Appellee*, v. Jack Johnson, *Appellant*.

(518 P. 2d 937)

Opinion filed January 26, 1974.

*Charles S. Arthur, Charles D. Green,* and *Charles S. Arthur, III,* of Arthur, Green & Arthur, of Manhattan, were on the brief for appellant.

*Howard Fick* and *Dan H. Myers,* of Fick and Myers, of Manhattan, were on the brief for appellee.

*Per Curiam:* This was an action to recover damages resulting from an automobile-motorcycle collision.

The facts may be briefly stated. Plaintiff, a student at Kansas State University, was riding a motorcycle traveling north on U. S. 24 and K-177 approximately 1.2 miles north of Manhattan. The road is a four-lane divided highway. Plaintiff was traveling in the left lane as he intended to turn left at the next intersection. The defendant was also traveling north in the same left lane when the vehicles collided. Plaintiff sustained personal injury as a result of the collision.

During the trial the defendant testified he did not see the plaintiff until impact. There was no claim of limited or obstructed visibility. The record is void of any evidence as to contributory negligence.

After a trial by jury, a verdict in the amount of $30,000 was rendered against the defendant, and judgment was entered accordingly. The defendant has appealed.

Defendant contends the district court erred in permitting the investigating traffic officer to testify as a reconstruction expert in answering a hypothetical question. Regarding this point, the district court instructed the jury to consider the testimony as an opinion.

The district court has discretion to determine the sufficiency of a hypothetical question, and on appeal is not subject to review except for abuse. Whether a witness, expert or layman, is qualified to testify as to his opinion is to be determined by the district court in the exercise of its discretion. (*Hampton v. State Highway Com-*

*mission,* 209 Kan. 565, 498 P. 2d 236; *Staudinger v. Sooner Pipe & Supply Corporation,* 208 Kan. 100, 490 P. 2d 619.) The court did not err in permitting such witness to so testify; the weight to be given his testimony was for the jury. (*Cherry v. State Automobile Insurance Association,* 181 Kan. 205, 310 P. 2d 907.)

The defendant next contends there was insufficient evidence to support the verdict. The question whether a negligent act is the proximate cause of an injury is ordinarily a question of fact. A general verdict will not be disturbed on appeal if there is any evidence or inference to be drawn therefrom which supports the verdict. (*Cole v. Dirkson,* 202 Kan. 431, 449 P. 2d 584.)

The persuasiveness of testimony is for the jury's consideration; not this court on appeal. (*Fairbanks v. Hodschayan,* 212 Kan. 545, 512 P. 2d 1042; *Cersovsky v. Cersovsky,* 201 Kan. 463, 441 P. 2d 829.) In *Tatro v. Lueken,* 212 Kan. 606, 512 P. 2d 529, we stated:

". . . The question was jury work and under our venerable rules of appellate review the verdict cannot be disturbed on appeal. (*In re Estate of Bernatzki,* 204 Kan. 131, 460 P. 2d 527.) A jury, of course, may believe or disbelieve evidence and give to it varying degrees of weight. This court cannot nullify a jury's disbelief of evidence nor can it invade the jury's province of determining the persuasiveness of testimony which it may have believed. (*Vannaman v. Caldwell,* 207 Kan. 467, 485 P. 2d 1373; and *Brohan v. Nafziger,* 206 Kan. 58, 476 P. 2d 649.) Particularly when a jury verdict is involved we have said many times that upon appeal in considering the propriety of a verdict the evidence is to be viewed in a light most favorable to sustaining the verdict. (*Schroeder v. Richardson,* 196 Kan. 363, 411 P. 2d 670.) (l. c. 618.)

The defendant complains of remarks of plaintiff's counsel, insinuating that defendant had been drinking alcoholic beverages prior to the time of the accident. We find nothing in the record indicating those remarks had been made. Defendant testified he had previously consumed "two 3.2 beers," which he obtained at the liquor store. The patrolman testified he detected a slight odor of some kind of alcoholic beverage on the defendant's breath, but did not consider him to be under the influence of alcohol in any way.

We note here the beverage commonly known as 3.2 beer is prohibited from sharing the shelves with intoxicating liquors and beverages in retail liquor stores. (K. S. A. 41-103; 41-307; 41-308; 41-2701 *et seq.*) Thus, it is apparent the defendant was in error either as to source or strength of the beverage admittedly consumed.

Defendant's contention the verdict is so excessive as to indicate it

was rendered through passion and prejudice, has been fully considered, and determined to be without merit. There being sufficient evidence to support the verdict, it will not be disturbed on appeal.

The judgment is affirmed.