No. 33,869

RUTH A. NEISWENDER, *Appellee*, v. TOPEKA TOWNSHIP, *Appellant*.

(79 P. 2d 839)

Opinion filed June 11, 1938.

*James E. Smith, E. H. Hatcher, Frank H. McFarland* and *Randal C. Harvey*, all of Topeka, for the appellant.

*Robert Stone, James A. McClure, Robert L. Webb, Beryl R. Johnson, Ralph W. Oman, William A. Gray* and *Barton E. Griffith*, all of Topeka, for the appellee.

The opinion of the court was delivered by

ALLEN, J.: This was an action to recover damages for the death of plaintiff's husband, arising out of an alleged defect in a township road. Defendant filed a motion to make plaintiff's petition definite and certain, which was overruled, and a motion to strike. The latter motion was sustained in part and plaintiff filed an amended petition.

Defendant demurred to the amended petition, which demurrer was overruled, and defendant appeals.

The amended petition alleged:

"2. Plaintiff further alleges that prior to March 25, 1935, the defendant caused to be constructed and opened for public travel a certain township road or public highway and had for many years prior thereto maintained the same as a township road or public highway, said road being more particularly described as a dirt road extending in an easterly and westerly direction east from Twenty-first street in the city of Topeka and commonly referred to as East Twenty-first street; that approximately a mile south and a half mile west of the colored Kansas Vocational School, located within said township, said township road extends over and across a very steep and abrupt decline; that to the east of the top of said decline the roadway is practically level for a distance of half a mile, but to the west of the top of said decline there is a steep, abrupt, and precipitous decline or drop of approximately sixty-five feet within a distance of three hundred feet; that the degree of the drop in said roadway is in excess of twenty-five degrees and constitutes a precipitous, dangerous, and abrupt drop in said highway; that on March 25, 1935, and for at least a year prior thereto, the surface of said decline, slope, or drop was extremely rough and uneven, caused by rocks protruding three or four inches above the surface of the ground in and across said roadway, and numerous loose stones and rocks were scattered over the surface of said roadway, and said highway was filled with ruts three or four inches in depth; that said roadway upon such decline was rough and uneven to the extent that it was extremely dangerous to persons traveling along said highway, particularly in view of the steep, abrupt and precipitous drop in said roadway; that not only was said decline precipitous, rocky, and uneven, but along each side thereof there was a ditch approximately four feet in depth; and that because of the precipitous drop and the rough, uneven and narrow condition of said roadway it was dangerous to the traveling public and was a defective highway within the meaning of section 68-301 of R. S. Kansas, 1923.

"3. Further complaining, plaintiff alleges that at about six o'clock p. m. on March 25, 1935, the deceased, Francis B. Neiswender, was traveling in a westerly direction along said highway, driving a Dodge delivery truck; that said deceased, after passing along the level portion of said highway mentioned above, suddenly and without warning, reached such decline; that upon reaching the top of such decline, said automobile was precipitated into the air and when it reached the surface of the ground it turned over and rolled down said drop and into the deep ditch along the side of said roadway, and the said Francis B. Neiswender was killed.

"6. Plaintiff further alleges that in the operation of said automobile the deceased was proceeding in a reasonably prudent and careful manner and at a rate of speed as is usual and ordinarily taken by persons traveling along a county highway and such as the ordinarily prudent person would take under the circumstances, and plaintiff was without any contributory negligence in the premises.

"7. Plaintiff further alleges that the officers of the defendant township and

particularly the trustees thereof had actual notice and knowledge of the condition of such roadway for a long period of time prior to March 25, 1935, and much in excess of five days prior thereto; that said defendant, through its trustees and other officers, agents, and employees, had performed road work upon said decline and knew of the precipitous, abrupt and sudden drop in said roadway for many months prior to the injury and death of the deceased, but wholly failed to remove the same or to take precautions to warn or apprise the public traveling along the same of such dangerous condition."

The petition further alleged that it was the duty of the defendant to place warning signs or signals along the roadway, and that the defendant negligently failed and omitted so to do.

The sole question is whether the petition stated a cause of action against the defendant township under G. S. 1935, 68-301.

Defendant asserts the petition fails to allege any defect in the highway within the meaning of the statute. In paragraph two of the petition the highway is described as a dirt road that runs east and west and over and across a very steep and abrupt decline; that to the east of the top of the decline the road is practically level for a distance of half a mile, "but to the west of the top of said decline there is a steep, abrupt, and precipitous decline or drop of approximately sixty-five feet within a distance of three hundred feet; that the degree of the drop in said roadway is in excess of twenty-five degrees and constitutes a precipitous, dangerous and abrupt drop in said highway; that on March 25, 1935, and for at least a year prior thereto the surface of said decline, slope, or drop was extremely rough and uneven, caused by rocks protruding three or four inches above the surface of the ground in and across said roadway, and numerous loose stones and rocks were scattered over the surface of said roadway, and said highway was filled with ruts three or four inches in depth; that said roadway upon such decline was rough and uneven to the extent that it was extremely dangerous to persons traveling along said highway, particularly in view of the steep, abrupt and precipitous drop in said roadway; that not only was said decline precipitous, rocky, and uneven, but along each side thereof there was a ditch of approximately four feet in depth."

In *Williams v. State Highway Comm.*, 134 Kan. 810, 8 P. 2d 946, it was stated: "A condition of a highway which renders it dangerous for the public traveling over it is certainly a defect. The evidence tends so strongly to show that the highway was in a dangerous condition that whether it amounted to a defect under the statute became at least a question for the determination of the jury." In that case it was further stated:

"Under the statute it became the duty of the commission to keep the highway in a reasonably safe condition for public travel. Of course, not every slight depression or inequality in the surface of the road would be regarded as a statutory defect, but a hole five inches deep cannot be regarded as a mere inequality or slight depression. When the wheel of an automobile drops into a hole of that depth when going at thirty or thirty-five miles an hour it necessarily will cause a severe jolt, and when this was instantly followed by a drop into another hole it would be likely to jar the driver and toss him from one side of the car to the other, and thus account for his losing control of the car. The holes, it appears, were only a few feet apart and respectively four and five inches deep. The drops coming close together necessarily increased the danger and made the plight of the driver of the car more difficult. We have had a number of cases involving the question of what is a defect under the law, one of which is *Collins v. State Highway Comm.*, 134 Kan. 278, 5 P. 2d 1106. There a shoulder had been built on the edge of the concrete slab, and there was a deep rut on the side of the shoulder. On some occasion it had become necessary for the driver of cars to drive upon the shoulder to avoid a collision where there was a congestion in the traffic. The plaintiff had occasion to use the shoulder and dropped into the rut, which resulted in an injury. It was held to be a defect in the highway which justified a recovery of damages. In the decision it was said:

" 'There is no legal foot-rule by which to measure conditions generally and determine with precision whether a condition constitutes a defect. Some conditions may be so patently dangerous that a verdict denying defect would be promptly set aside. Other conditions may be so trifling that a verdict of defect would be promptly set aside.' (p. 283.)" (p. 812.)

The question as to what constitutes a defect in a highway within the meaning of the statute was considered by this court in *Watson v. Parker Township*, 113 Kan. 130, 213 Pac. 1051. In that case there was a ditch covered with weeds on the side of the traveled part of the road. The traveled part of the road was only thirteen and one half feet wide, and the plaintiff, to avoid a collision with an oncoming car, turned off the traveled part of the road and thus ran his car into the ditch, which he could not see because it was covered with weeds. The court did not determine as a matter of law that the ditch was a defect, but under the evidence it was held to be a question of fact for the jury to determine.

In *Story v. Brown County*, 116 Kan. 300, 226 Pac. 772, the petition alleged that while an old county bridge was being replaced by a new one, a deep excavation was made across the highway, no warning of it being given to travelers and no barrier being interposed to their approach, except a board within two feet of its edge. A judgment in favor of the plaintiff, based upon "permitting the highway to become defective through a failure to adopt some sufficient

method of giving warning of dangers due to alterations which were in progress," was sustained.

The purpose of the statute was to protect the interests of the traveling public. A steep, abrupt and precipitous decline or drop in a level dirt road as described in the petition, and without warning signs or signals, might well constitute a defective highway within the meaning of the statute.

Defendant contends that the allegations of the petition do not show that the defect in the highway was the legal or proximate cause of the death of Francis B. Neiswender. What constitutes a proximate cause of an injury was stated by this court in *Railway Co. v. Parry*, 67 Kan. 515, 73 Pac. 105:

"Negligence, to be the proximate cause of any injury, must be such that a person of ordinary caution and prudence would have foreseen that some injury would likely result therefrom, not that the specific injury would result. The question whether negligence is the proximate cause of an injury is ordinarily one of fact for the jury." (Syl. ¶ 2.)

The petition before us alleges that the deceased was proceeding along the road in a prudent and careful manner and that when he reached the abrupt drop or decline in the road the automobile was precipitated into the air, and when it reached the ground it turned over and rolled down the drop into the deep ditch along the roadway. These allegations, together with the allegations as to the steep, abrupt and precipitous decline of the road, and the absence of warning signs or signals, we think fairly charge that the defective condition of the road was the legal and proximate cause of the death of the deceased. (*Arnold v. Coffey County Comm'rs*, 131 Kan. 343, 291 Pac. 762; *Collins v. State Highway Comm.*, 134 Kan. 278, 5 P. 2d 1106.)

Defendant contends that actual notice to the township trustee of the defects in the highway is a condition precedent to the right of the plaintiff to maintain the action and that the petition is totally defective in this regard. The petition alleges that the defendant, through its trustees and other officers, agents and employees, had performed road work upon the highway and had actual knowledge of the condition of such roadway in excess of five days prior to the injury. We think the allegations as to notice sufficient. (*Erie Township v. Beamer*, 71 Kan. 182, 79 Pac. 1070; *Watkins v. Harper County*, 95 Kan. 166, 147 Pac. 822.)

Defendant urges that the petition shows contributory negligence as a matter of law, hence the demurrer should be sustained. It is

asserted that the driver of a vehicle should be able to stop within the distance he can see ahead. We do not think this well-settled rule is applicable to the situation described in the petition. This question was considered in *Hayden v. Jack Cooper Transport Co.*, 134 Kan. 172, 5 P. 2d 837. The syllabus in that case reads:

"The rule that one driving an automobile in the nighttime must so operate his car that he may stop it within the range of vision of his headlights, is applicable in cases where vehicles or other objects on the highway may be seen by the aid of proper lights, but where an obstruction was of such a character and so placed that a motorist driving his car properly equipped with lights and brakes, at a moderate speed, is unable to see an obstruction in time to prevent colliding with it, and is otherwise free from negligence, he cannot be held guilty of contributory negligence as a matter of law." ( Syl. ¶ 1.)

See, also, *Abbott v. Wyandotte County*, 94 Kan. 553, 559, 146 Pac. 998; *Williams v. State Highway Comm.*, 134 Kan. 810, 814, 8 P. 2d 946.

We think the petition states a cause of action. The judgment is affirmed.

ALLEN, J., dissenting.
HARVEY, J., not sitting.