No. 36,436

ARTHUR LYKE, *Appellant,* v. THE STATE HIGHWAY COMMISSION, etc., *Appellee.*

(165 P. 2d 228)

Opinion filed January 26, 1946.

*Tinkham Veale,* of Topeka, argued the cause for the appellant.

*Lester M. Goodell,* of Topeka, argued the cause, and *Wint Smith* and *Otho W. Lomax,* both of Topeka, were on the briefs for the appellee.

The opinion of the court was delivered by

HARVEY, C. J.: This was an action for damages resulting from a collision of two trucks alleged to have been caused by a defect in the state highway. The trial court sustained a demurrer to plaintiff's petition and he has appealed.

A north and south state highway, known as K-99, at a point between Eureka and Severy, in Greenwood county, is intersected at right angles by an east-and-west state highway known as K-96. Each of these highways is improved by a roadway 28 feet wide. At a point on K-99 about 500 feet south of the intersection there is a highway circling to the north and west connected with K-96 about 500 feet west of the intersection. There is a similar circular road at each corner of the intersection. The terrain is practically level at the intersection and in the area covered by the connecting highways. Beginning about an eighth of a mile west of the intersection K-96 is on land that is lower from three to nine feet than the area about the intersection. In the triangular area southwest

710

of the intersection, having straight lines on the east and north and
the curve on the southwest, there were three piles of chat stored by
defendant, or its contractor, for later use. The one nearest the in-
tersection was about 70 feet long and 30 feet wide, the long way be-
ing from the northwest to the southeast, the southeastern end of
which was about 50 feet west and 90 feet south of the center of the
intersection. The northwest end of it was about 90 feet west and
30 feet south of the intersection. At the southeast end of this pile
of chat there was a chat hoist, 24 feet long, extending from the pile
of chat east to within a few feet of the west line of the traveled
portion of the highway. Beginning about 180 feet south and 33
feet west of the center of the intersection there was another pile of
chat about 25 feet wide and 100 feet long lying in a northwesterly-
southeasterly direction from five to nine feet high. About 190 feet
west of the intersection and 36 feet south of the center of the trav-
eled portion of K-96 there was a pile of chat from five to nine feet
high, about 100 feet long and 20 to 25 feet wide, extending in a
direction slightly to the south from east. The nearest point of the
southeastern portion of it to the center of the highway was 60 feet.
A short distance east of this pile of chat, and south of the one first
described, there was a road grader. This description is taken from
the petition and from a plat, drawn to scale, furnished to the court
by counsel. On the day in question plaintiff was driving a truck
north on K-99, approaching the intersection. At the same time one
Tom Beason was driving a truck east on K-96, approaching the in-
tersection. The two trucks collided in the intersection, resulting
in the damages for which this action was brought.

Plaintiff does not allege that there was any defect in the 28-foot
roadway of either of the highways. His allegations are that the
piles of chat, the chat hoist and the road grader so interfered with
plaintiff's view that he could not see the Beason truck as it ap-
proached the intersection, and also interfered with the view of Bea-
son; that there were no signs along the highway indicating that he
was approaching an intersection, and that this interference with his
view, and lack of road signs, amounted to a defect in the state high-
way, for which the highway is liable under G. S. 1935, 68-419.

Counsel for appellant concedes that he cannot recover unless his
injury was caused by a defective condition of the highway within
the meaning of G. S. 1935, 68-419, and that he has no authority to

predicate an action for damages upon negligence of the highway department. He cites *Bohm v. Racette,* 118 Kan. 670, 236 Pac. 811; *Phillips v. State Highway Comm.,* 146 Kan. 112, 68 P. 2d 1087; *Moore v. State Highway Comm.,* 150 Kan. 314, 92 P. 2d 29, and *Blessman v. State Highway Comm.,* 154 Kan. 704, 121 P. 2d 267, as cases denying liability, and analyzes the cases in an effort to distinguish them from the case before us. Naturally, they are distinguishable to some extent on the facts, but we think the legal principles which control those cases are controlling here. Counsel for appellant cites *Watson v. Parker Township,* 113 Kan. 130, 213 Pac. 1051; *Snyder v. Pottawatomie County Comm'rs,* 120 Kan. 659, 245 Pac. 162; *Collins v. State Highway Comm.,* 134 Kan. 278, 5 P. 2d 1106; *Williams v. State Highway Comm.,* 134 Kan. 810, 8 P. 2d 946; *Collins v. State Highway Comm.,* 138 Kan. 629, 27 P. 2d 216; *Hill v. State Highway Comm.,* 143 Kan. 129, 53 P. 2d 882; *Neiswender v. Topeka Township,* 148 Kan. 113, 79 P. 2d 839, and *Brock v. State Highway Comm.,* 157 Kan. 252, 139 P. 2d 811, as tending to show that conditions outside of the traveled portion of the highway may be such as to entitle plaintiff to recover. We have examined all of these cases and we think none of them is sufficiently in point to be of material assistance to appellant here. We take note that in a few of them there appears to be a mingling of statutory liability and liability based on negligence, and to the extent they do so they are subject to criticism.

There is or can be no contention in this case that the piles of chat and road-building machinery mentioned cut off plaintiff's view to the left all the time he was approaching the intersection from the south after he got to where the circular road went out each way to highway K-96, and there was nothing at all to obstruct his view for the last 75 to 90 feet. If there were obstructions to the view from the side it simply placed upon the plaintiff a greater degree of care in his approach to the intersection.

We do not see that the allegations of the petition that no signs had been put up indicating that a traveler was approaching an intersection add anything to defendant's liability. Certainly, if plaintiff could not see the roads going off from K-99 to K-96 as much as 500 feet south of the intersection, and could not see the intersection itself as he drove toward it, additional signs would not have been of any advantage. The only authorities he cites in support of his allegation concerning the signs are cases dealing with roads under

construction. There is no allegation here that either of these highways was under construction at or near the point of collision.

We feel confident in holding, as a matter of law, that the collision which caused the injury for which plaintiff sued was not caused by any defect in the state highway.

While another question is discussed in the case by the appellee we find no occasion to treat it.

The judgment of the court below is affirmed.