(573 P 2d 1121)

No. 49,009

VARLYN CARDER, *Appellee,* v. GRANDVIEW TOWNSHIP, FORD COUNTY, KANSAS, *Appellant.*

Opinion filed January 6, 1978.

*Harry A. Waite,* of Dodge City, for the appellant.

*Jack E. Dalton,* of Mangan, Dalton, Trenkle & Gunderson, of Dodge City, for the appellee.

Before FOTH, P.J., PARKS and SWINEHART, JJ.

PARKS, J.: Plaintiff, Varlyn Carder, brought this action for property damages arising from a one-car accident which occurred on a township road maintained by Grandview Township in Ford County. This action was brought pursuant to K.S.A. 68-301 which imposes liability upon townships for damages caused by highway defects. The defendant, Grandview Township, appeals from the $2,500 judgment which the jury awarded the plaintiff.

On the night of December 4, 1974, plaintiff was driving upon an unfamiliar road which formed the stem of a T-intersection. There were no warning signs posted. As he approached the intersection, a slight rise in the road caused his headlights to point up into the air. It was not until he crested the rise that his lights disclosed that the road ended abruptly; at that point he was unable to slow enough to negotiate the necessary right-angle turn. Plaintiff's automobile was damaged when it proceeded across the intersection, hit a metal culvert and landed in a wheat field.

We have considered and rejected defendant's contentions that it should be released from liability as a matter of law.

The controlling issue is whether the absence of a "T symbol"

warning sign on the township road constituted a defect within the meaning of K.S.A. 68-301. In substance this statute provides that townships are liable for damages caused by defective highways if the township trustees had notice of the defect for at least five days prior to the time such damage was sustained. Such liability attaches only if the plaintiff was without contributing negligence.

Whether an alleged defect comes within the purview of K.S.A. 68-301 is a question of law to be determined by the court in the absence of any factual dispute. (*Coffman v. Fisher*, 203 Kan. 618, 455 P.2d 490, Syl. ¶ 1.)

In the instant case no evidence was presented by the defendant, so there is no dispute as to what happened or as to the conditions that existed at the intersection in question. In fact, defendant admitted that there never was a sign warning of the T-intersection and that the plaintiff would not have to prove that aspect of the case.

Plaintiff's evidence showed that others driving the road, Joe Davis a month before and deputy sheriff Steve Adams on the night of the accident, experienced similar difficulty in seeing the intersection and stopping once they crested the rise in the road.

Whether a particular condition constitutes a defect within the meaning of an applicable statute must be determined under the facts of each case. (*Schroder v. Kansas State Highway Commission*, 199 Kan. 175, 181, 428 P.2d 814; *Cronin v. State Highway Commission*, 182 Kan. 42, 45, 318 P.2d 1066, and cases cited therein.) The condition described herein, *i.e.*, the rise in the road which obstructed the driver's view of the intersection and the lack of a warning sign, was clearly established by the evidence and the jury so found.

We need not decide whether the absence of a sign would constitute a defect if the road had been level so that a person keeping a proper lookout would have seen the intersection in time to turn. We hold only that in this case the township did permit a defect to exist through its failure to erect a sign warning approaching traffic of this T-intersection, obscured as it was by the rise in the road. Therefore, we hold that the court correctly ruled, as a matter of law, that the lack of a posted sign warning of a T-intersection constituted a defect in the highway.

We next consider the question of notice to the township trustee. In our opinion, the notice requirement of K.S.A. 68-301 was met

when Louis Conrardy, trustee of Grandview Township, acknowledged in his testimony that although it had been several years prior to the accident, he had personally traveled the road in question and didn't think there was a warning sign at the intersection.

Defendant asserts that the plaintiff was contributorily negligent and that the trial court erred in denying its motions for judgment notwithstanding the verdict and for a new trial. The only evidence bearing on contributory negligence was plaintiff's testimony that he was driving 40 or 45 miles per hour when he topped the rise. We are unable to say this amounted to negligence as a matter of law. Contributory negligence is a jury question unless reasonable minds could not differ. (*Carpenter v. Strimple,* 190 Kan. 33, 38, 372 P.2d 571.) In this case, we think the jury could reasonably find that plaintiff's speed was not excessive, particularly in the absence of any warning.

On appellate review this court will not overturn the decision of a jury if there is substantial evidence to support the verdict. Nor will we set aside a trial court's order denying a motion for new trial unless it is shown that the trial court clearly abused its discretion. (*Stremel v. Sterling,* 1 Kan. App. 2d 310, 564 P.2d 559.) No abuse having been shown, the trial court's orders will not be disturbed.

Judgment affirmed.