No. 59,579

VIRGINIA ALLEN, *Appellant*, v. KANSAS DEPARTMENT OF SOCIAL AND REHABILITATION SERVICES, *Appellee.*

(731 P.2d 314)

Opinion filed January 16, 1987.

*Michael R. McIntosh*, of Kansas City, argued the cause and was on the brief for appellant.

*James F. Savage*, of Kansas Department of Social and Rehabilitation Services, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

McFARLAND, J.: This is an action by plaintiff Virginia Allen seeking damages against defendant Kansas Department of Social and Rehabilitation Services (SRS) for injuries she sustained when she fell in a hallway outside of office premises leased by defendant SRS. The district court sustained a motion to dismiss filed by SRS on the ground of immunity under the discretionary function exception (K.S.A. 75-6104[d]) of the Kansas Tort Claims Act (K.S.A. 75-6101 *et seq.*). Plaintiff appeals therefrom.

SRS leased office space on the first floor of One Gateway Center, Kansas City, Kansas. Under the lease SRS had no duty to clean or maintain the hallway adjacent to the leased premises. The building was owned by Gateway Complex, Inc. Janitorial services in the building were provided by B & G Maintenance Management, Inc., through a contract with the owner.

On March 15, 1985, an SRS client vomited in the hallway

adjacent to the SRS offices. An SRS employee notified the management firm of what had occurred. When no one from the management firm arrived to remedy the problem, SRS sent one of its employees to clean up the mess. The employee cleaned the area. Thereafter, plaintiff, on her way to attend class at the Dickinson Business School which was also located at One Gateway Center, slipped and fell on the wet hallway floor, sustaining serious injury.

Plaintiff brought this action against SRS, Gateway Complex, Inc., and B & G Maintenance Management, Inc. The action between plaintiff and B & G was settled. As previously stated, the district court dismissed the action as to SRS. The case went to trial as to plaintiff's claim against Gateway, with SRS remaining in the action for comparison of fault purposes only. The jury found in favor of plaintiff and fixed her damages at $80,000. Fault was apportioned as follows: plaintiff (0%); Gateway Complex, Inc. (45%); and SRS (55%).

The only issue on appeal is the propriety of the district court's dismissal of plaintiff's claim against SRS on the ground of immunity.

K.S.A. 75-6103 provides in part:

"(a) Subject to the limitations of this act, each governmental entity shall be liable for damages caused by the negligent or wrongful act or omission of any of its employees while acting within the scope of their employment under circumstances where the governmental entity, if a private person, would be liable under the laws of this state."

K.S.A. 75-6104 provides in pertinent part:

"A governmental entity or an employee acting within the scope of the employee's employment shall not be liable for damages resulting from:

. . . .

"(d) any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee, whether or not the discretion be abused."

As we stated in *Jackson v. City of Kansas City*, 235 Kan. 278, 680 P.2d 877 (1984):

"In construing subsection (c) and all other exemptions specified in K.S.A. 1983 Supp. 75-6104, it should be borne in mind the Kansas Tort Claims Act takes an open-ended approach to governmental liability. In other words, liability is the rule while immunity the exception. This approach is consistent with the general principle of law that for negligent or tortious conduct, liability is the rule, immunity the exception. *Durflinger v. Artiles*, 234 Kan. 484, 501, 673 P.2d 86 (1983); *Noel v. Menninger Foundation*, 175 Kan. 751, 762, 267 P.2d 934 (1954).

K.S.A. 1983 Supp. 75-6103(a) declares:

" 'Subject to the limitations of this act, each governmental entity shall be liable for damages caused by the negligent or wrongful act or omission of any of its employees while acting within the scope of their employment under circumstances where the governmental entity, if a private person, would be liable under the laws of this state.'

K.S.A. 1983 Supp. 75-6104 contains the immunity exceptions to the general rule of governmental liability. In *Broadhurst Foundation v. New Hope Baptist Society*, 194 Kan. 40, 397 P.2d 360 (1964), this court observed ordinarily a strict or narrow interpretation must be applied to statutory exceptions. 194 Kan. at 44. In construing a statute, any doubt should be resolved against the exception, and anyone claiming to be relieved from the statute's operation must establish it comes within the exception. In other words, the burden is not upon the claimants herein to establish the defendants do not come within one or more of the K.S.A. 1983 Supp. 75-6104 exceptions. Rather, the burden is upon the defendant governmental entity, or defendant employee, to establish governmental immunity under one or more of the exceptions of K.S.A. 1983 Supp. 75-6104. If the party claiming this exception cannot meet this burden, the general rule of liability, in K.S.A. 1983 Supp. 75-6103, governs." 235 Kan. at 286.

For the purposes of the issue before us, we must assume that the physical cleanup was done in a negligent manner by the SRS employee and that such negligence was a cause of plaintiff's injury. Did the district court correctly determine that SRS had carried its burden to establish governmental immunity therefor under K.S.A. 75-6104(d)? We believe not.

SRS contends its decision to clean the floor and the actual physical cleanup constituted one discretionary activity for which immunity is granted under K.S.A. 75-6104(d). Plaintiff contends two actions occurred. The first act was the SRS determination to undertake the cleanup of the floor although SRS was under no legal obligation to do so. The second act was the actual physical cleanup of the area. Plaintiff argues the discretionary function exception is inapplicable to the actual cleanup operation.

Clearly SRS had no contractual duty to clean the hallway. The notification to the corporation responsible for hallway maintenance was all SRS was legally obligated to do under the circumstances. Had plaintiff fallen because the building management had failed to clean up the vomit or had improperly cleaned the area, dismissal of SRS would clearly have been proper. However, this is not the factual situation before us. Although under no legal obligation to do so, SRS voluntarily undertook to clean the hallway floor. This decision was clearly within the discretionary function exception, but was the actual physical cleanup

activity an indivisible part of the exercise of the discretionary function and hence immune from liability under K.S.A. 75-6104(d)? We believe not. Whether the employee used a wet or dry mop or plain water or a detergent, in carrying out his assignment, were choices not involving any particular skill or training. The actual cleanup of vomit on a floor is about as ministerial as an act can be. The discretionary decision to undertake a purely ministerial task of janitorial work cannot cloak the negligent performance of the ministerial act with immunity under the discretionary function exception contained in K.S.A. 75-6104(d).

We conclude the district court erred in dismissing the action as to defendant SRS on the ground of immunity under K.S.A. 75-6104(d).

The judgment is reversed and the case is remanded for further proceedings.

ALLEGRUCCI, J., not participating.