Duane and Phyllis **HUSEBY**, Husband and wife, Plaintiffs,

v.

The **BOARD OF COUNTY COMMISSIONERS OF COWLEY COUNTY, KANSAS**, Defendant.

No. 89–1504–C.

United States District Court, D. Kansas.

Dec. 20, 1990.

David P. Calvert, Focht, Hughey, Hund and Calvert, Wichita, Kan., for plaintiffs.

Alan L. Rupe, Grace and Rupe, Wichita, Kan., for defendant.

## MEMORANDUM AND ORDER

CROW, District Judge.

The case comes before the court on the defendant's motion for summary judgment. Plaintiffs' son, Mark Huseby, was killed when the car he was driving on a highway in Cowley County, Kansas, struck a train. The railway crossing was marked by an advance railway warning sign, two sets of rumble strips, a warning symbol painted on the pavement and a wooden railroad crossbuck warning sign. Defendant, Board of County Commissioners of Cowley County, Kansas (Board), contends certain exceptions to the Kansas Tort Claims Act (KTCA), K.S.A. 75–6101 *et seq.*, provide it with immunity from liability on plaintiffs' claims.

Plaintiffs allege the defendant was negligent in: (1) Failing to follow up and complete the administrative work necessary for installation of an electronic lighted signal after the Kansas Department of Transportation had approved the signal; (2) Failed to keep and maintain the rumble strips which were worn and cut so as to be ineffective; and (3) Failed to keep and maintain the railroad warning painted on the pavement which was worn and not visible to approaching vehicles at night.

A motion for summary judgment is a threshold inquiry into the need for a trial. Without weighing the evidence or determining credibility, the court grants summary judgment when no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson,* 477 U.S. at 251–252, 106 S.Ct. at 2512.

An issue of fact is "genuine" if the evidence is significantly probative or more than merely colorable such that a jury could reasonably return a verdict for the nonmoving party. *Id.* at 248, 106 S.Ct. at 2510. An issue of fact is "material" if proof thereof might affect the outcome of the lawsuit as assessed from the controlling substantive law. 477 U.S. at 249, 106 S.Ct. at 2510–11. Factual inferences are drawn to favor the existence of triable issues, and where reasonable minds could ultimately reach different conclusions, summary judgment is inappropriate. *See Riley v. Brown & Root, Inc.*, 896 F.2d 474, 476–77 (10th Cir.1990).

The movant's initial burden under Fed.R.Civ.P. 56 is to show the absence of evidence to support the nonmoving party's case. *Windon Third Oil and Gas v. Federal Deposit Ins.*, 805 F.2d 342, 345 (10th Cir. 1986), *cert. denied*, 480 U.S. 947, 107 S.Ct. 1605, 94 L.Ed.2d 791 (1987). The opposing party may not rest upon mere allegations or denials in the pleadings but must set forth specific facts supported by the kinds of evidentiary materials listed in Rule 56(c). *Anderson*, 477 U.S. at 250, 106 S.Ct. at 2511. More than a "disfavored procedural shortcut," summary judgment is an important procedure "designed 'to secure the just, speedy and inexpensive determination of every action.' Fed.R.Civ.P. 1." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986).

Defendant contends that K.S.A. 75–6104(e) and (h) of the KTCA provide it with immunity in this case. These provisions read:

A governmental entity ... shall not be liable for damages resulting from:

. . . .

(e) any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee, whether or not the discretion is abused and regardless of the level of discretion involved;

. . . .

(h) the malfunction, destruction or unauthorized removal of any traffic or road sign, signal or warning device unless it is not corrected by the governmental entity responsible within a reasonable time after actual or constructive notice of such malfunction, destruction or removal. Nothing herein shall give rise to liability arising from the act or omission of any governmental entity in placing or removing any of the above signs, signals or warning devices when such placement or removal is the result of a discretionary act of the governmental entity.

The parties agree the defendant is a "governmental entity" under the KTCA. Defendant argues the placement of the electronic warning device and the decision to replace or not to replace the worn rumble strips are entirely discretionary acts protected under exceptions (e) and (h). Defendant contends the Manual on Uniform Traffic Control Devices (MUTCD) does not impose any duty on it to place either warning device at this railroad crossing or to maintain the installed rumble strips. Defendant also believes the maintenance of the warning sign painted on the pavement is a discretionary act covered under both exceptions. Since there is no evidence of prior complaints concerning the worn condition of the painted warning, defendant believes the need and timing for repainting are discretionary calls.

The KTCA is an "'open-ended' tort claims act, [that] makes liability the rule and immunity the exception." *Carpenter v. Johnson*, 231 Kan. 783, 784, 649 P.2d 400 (1982). The burden rests upon the governmental entity to prove immunity under one or more of the exceptions, and if no exception is proved then the general rule of liability applies. *Jackson v. City of Kansas City*, 235 Kan. 278, 286, 680 P.2d 877 (1984). The discretionary function exception is unavailable to the governmental agency in those instances where it violates a legal duty imposed by case law or statute. *Dougan v. Rossville Drainage Dist.*, 243 Kan. 315, 322, 757 P.2d 272 (1988).

The KTCA supplants the common-law rules governing a county's liability in placing traffic signs and maintaining county roads. *Finkbiner v. Clay County*, 238

Kan. 856, 858–59, 714 P.2d 1380 (1986). As embodied in exception (h), the KTCA distinguishes between sign maintenance and sign placement and recognizes the latter could entail the exercise of discretion. *Carpenter*, 231 Kan. at 785, 649 P.2d 400. By state law, local authorities are required to "place and maintain such traffic-control devices upon highways under their jurisdiction as they may deem necessary to indicate and to carry out the provisions of this act or local traffic ordinances or to regulate, warn or guide traffic." K.S.A. 8–2005(a).

■ In *Carpenter*, the Kansas Supreme Court first discussed a county's liability under the KTCA for the placement of a traffic warning sign. 231 Kan. at 784, 649 P.2d 400. It held that the signing exception (h) was not an absolute legal bar to liability against a county for the initial placement of any traffic-control device. 231 Kan. at 790, 649 P.2d 400. "Whether or not the placement of a warning sign on the particular curve in controversy herein was discretionary or mandatory depends upon the totality of the circumstances involved and may not be determined as a matter of law without regard thereto." *Id.* The Court observed that state and local authorities follow the Manual on Uniform Traffic Control Devices (MUTCD) which offers detailed guidelines on the placement of warning signs. 231 Kan. at 788, 649 P.2d 400. A county is immune if from the totality of the circumstances it is determined that the decision to place the warning sign was primarily one of discretion and was not the exercise of professional judgment within established guidelines. 231 Kan. at 788, 649 P.2d 400; *Finkbiner*, 238 Kan. at 860, 714 P.2d 1380.

Two Kansas Supreme Court decisions demonstrate the proper application of the *Carpenter* principles concerning governmental liability for the placement of signs. In *Toumberlin v. Haas*, 236 Kan. 138, 689 P.2d 808 (1984), the trial court's directed verdict in favor of the defendant county was affirmed. Because the plaintiff had failed to present engineering testimony that the MUTCD required the sign or that

the factual circumstances otherwise showed a need for the sign, it was not a question for the jury whether the placement of the sign was discretionary or mandatory. In *Finkbiner*, the grant of summary judgment in favor of the county was reversed, since the MUTCD required the placement of signs where the hazard was not self-evident and the nature of the hazard raised a question of material fact for the jury. 238 Kan. at 860–61, 714 P.2d 1380. In summary, the court must first look for the duty to place a sign and then determine whether under the circumstances the governmental action taken was a discretionary act or a matter of professional judgment within established guidelines.

■ The Kansas Supreme Court has not extended immunity to governmental entities on the basis of some discretionary element to the duty of maintaining roads or signs. "[A] duty to maintain the highways remains under the general liability for negligence created by KTCA." *Toumberlin v. Haas*, 236 Kan. at 144, 689 P.2d 808; see also *Draskowich v. City of Kansas City*, 242 Kan. 734, 740, 750 P.2d 411 (1988). The scope of that duty must vary with the facts of each case as no specific rule could adequately address every conceivable highway situation. 236 Kan. at 144, 689 P.2d 808. In performing highway maintenance work, the governmental entity owes the public the same standards in work as would be required from a private individual or contractor doing the same work. *Rollins v. Kansas Dept. of Transportation*, 238 Kan. 453, 458, 711 P.2d 1330 (1985); see also *Trout v. Koss Constr. Co.*, 240 Kan. 86, 90–91, 727 P.2d 450 (1986). The MUTCD requires that all traffic signs "should be kept in proper position, clean and legible at all times." It also recommends a "suitable schedule for inspection, cleaning and replacement of signs...."

■ In the instant case, the defendant had the duty to inspect and maintain the warning sign painted on the pavement. The frequency of inspections and the need for repairs are questions of professional judgment and not matters of a discretion-

ary nature and quality intended by legislature to be beyond judicial review.

■ Defendant's argument on the need to maintain the rumble strips takes an additional and different twist. In defendant's opinion, since the rumble strips are not mandated by the MUTCD, the decision to replace them also must be discretionary. Defendant does not offer any evidence to show the rumble strips were not repaired because it had decided against replacing them. On the other hand, it can be inferred from plaintiffs' evidence that defendant had intended, but failed, to continue repairs on the rumble strips. Even so, the defendant's argument must fail as an attempt to bring a later ministerial act under the initial exercise of discretion. On at least two occasions, the Kansas Supreme Court has said immunity should not attach to a ministerial act negligently performed in pursuit of a discretionary function.

In *Allen v. Kansas Dept. of S.R.S.*, 240 Kan. 620, 731 P.2d 314 (1987), the S.R.S. was denied immunity for negligently cleaning up a client's vomit from a hallway adjacent to its offices. The Court reasoned:

> Although under no legal obligation to do so, SRS voluntarily undertook to clean the hallway floor. This decision was clearly within the discretionary function exception, but was the actual physical cleanup activity an indivisible part of the exercise of the discretionary function and hence immune from liability under K.S.A. 75–6104(d)? We believe not. Whether the employee used a wet or dry mop or plain water or a detergent, in carrying out his assignment, were choices not involving any particular skill or training. The actual cleanup of vomit on a floor is about as ministerial as an act can be. The discretionary decision to undertake a purely ministerial task of janitorial work cannot cloak the negligent performance of the ministerial act with immunity under the discretionary function exception contained in K.S.A. 75–6104(d).

240 Kan. 622–23, 731 P.2d 314. Consequently, the Court reversed the dismissal of the S.R.S.

In *Jackson v. City of Kansas City*, 235 Kan. 278, 288–89, 680 P.2d 877 (1984), the Kansas Supreme Court summarized its leading case on the discretionary function, *Robertson v. City of Topeka*, 231 Kan. 358, 644 P.2d 458 (1982). The Court in the *Robertson* decision had cited *Indian Towing Co. v. United States*, 350 U.S. 61, 76 S.Ct. 122, 100 L.Ed. 48, (1955) in which it was held that "while the Coast Guard may have had discretion in establishing a lighthouse, once it established it, it had a duty to maintain it properly. 350 U.S. at 69, 76 S.Ct. at 126–27." *Jackson*, 235 Kan. at 289, 680 P.2d 877. The Court in *Jackson* held that though the City had the discretion to decide on how and what policies, regulations and ordinances were adopted and promulgated; once adopted and promulgated, they could not be disregarded in the City's discretion without depriving the City of immunity under the discretionary function exception. 235 Kan. at 289–90, 680 P.2d 877.

Based upon these decisions, the county may have had the discretion in placing the rumble strips, but once installed, it had the duty to maintain them. The court is unable to rule as a matter of law that the Board is immune from liability for its failure to inspect and maintain the rumble strips.

■ On their electronic lighted signal claim, the plaintiffs hope to skirt the signing exception to the KTCA by again latching upon this rationale found in *Allen* and *Jackson* of a negligent ministerial act following a discretionary function. Plaintiff has presented letters showing the Kansas Department of Transportation approved matching funds for the installation of flashing light signals at the railroad crossing. An inference can be drawn from the same letters that the Board also decided to install the electronic signals but simply failed to follow up on the state's approval and complete the administrative steps necessary for physically installing the signals. Plaintiff, therefore, argues the defendant was negligent not in its decision on wheth-

er to install the signal but in its failure to carry out its decision.

The theory behind this claim has a novel ring. The critical question is whether or not the administrative proceedings and details for installing the flashing signal are an indivisible part of the Board's discretionary decision to install the signal? Neither party has briefed this issue nor submitted the facts necessary for a decision upon it. For this reason, the court finds that defendant has not carried its burden of proving the signing exception (h) provides it immunity from liability on this claim.

IT IS THEREFORE ORDERED that the defendant's motion for summary judgment (Dk. 44) is denied.