(955 P.2d 127)
No. 77,287

Mary McCleary, individually and as Special Administratrix for the Estate of Christopher Leech, deceased, *Appellant*, v. Jeremy L. Boss, Board of County Commissioners of Labette County, and Ray and Gladys Chastain, *Appellees*.

Opinion filed December 19, 1997.

*Patrick C. Smith*, of Spigarelli, McLane & Short, of Pittsburg, for appellant.

*M. Doug Bell*, of Hall, Levy, DeVore, Bell & Ott, of Coffeyville, for appellee Jeremy L. Boss.

*Lynn D. Preheim* and *Stephanie N. Scheck*, of Morrison & Hecker, L.L.P., of Wichita, for appellee Board of County Commissioners of Labette County.

*Zachery E. Reynolds* and *Patricia A. Miklos*, of The Reynolds Law Firm, of Fort Scott, for appellees Ray and Gladys Chastain.

Before Brazil, C.J., Elliott and Lewis, JJ.

Elliott, J.: Mary McCleary filed this wrongful death suit for the death of her son, Christopher Leech, who was killed when the

all-terrain vehicle (ATV) he was riding struck a pickup truck at a county road intersection.

McCleary sued Jeremy L. Boss, driver of the truck; adjoining landowners Ray and Gladys Chastain; and the Labette County Commissioners. McCleary appeals the trial court's order granting summary judgment in favor of all defendants.

We affirm.

On the afternoon of the accident, Christopher and several other children were taking turns riding an ATV back and forth to a stop sign at the corner of a rural intersection. The children were traveling on a north/south road controlled by a stop sign. The east/west road was a through road without a stop sign. Eleven-year-old Angie Hammans was driving the ATV with Christopher as a passenger when the ATV struck the truck being driven westward by Boss.

In a negligence case, plaintiff must establish a duty, breach of the duty, damages, and a causal connection between the duty breached and the damages. The existence of a duty is a question of law, while whether a duty has been breached is a question of fact. *C.J.W. v. State*, 253 Kan. 1, Syl. ¶ 1, 853 P.2d 4 (1993).

Normally, the presence or absence of negligence and causation are also questions of fact. However, these issues may be resolved by summary judgment where the facts of the case will support only one conclusion and reasonable minds could not differ as to that conclusion. *Lay v. Kansas Dept. of Transportation*, 23 Kan. App. 2d 211, 215, 928 P.2d 920 (1996).

### Jeremy L. Boss

Plaintiff's claim against Boss was based on evidence that Boss was driving partially left of center, although he was traveling in the normal worn path on the road. The trial court concluded the uncontroverted facts were that the ATV either failed to stop or failed to yield to Boss, who had control of the intersection, and that this was the sole cause of the accident.

The question here is whether a reasonable person could conclude the positioning of Boss' truck a few feet left of center was the cause of the accident.

Here, Christopher died because the driver of the ATV failed to stop or failed to yield the right of way to Boss' truck. If the ATV had stopped and proceeded with caution, the Boss truck should have been seen. Even if Boss were negligent in driving partially left of center, the negligence of the ATV driver was the intervening, proximate cause of the accident. Further, the accident was not a natural and probable consequence of any negligence on the part of Boss. No reasonable person could conclude that any negligence by Boss was the cause of the accident.

The trial court did not err in granting summary judgment for Boss.

### *Labette County*

The County contended it complied with any statutory or common-law duty to maintain the intersection and that it was immune under the Kansas Tort Claims Act (KTCA), K.S.A. 75-6101 *et seq*.

In the present case, plaintiff concedes that the Manual on Uniform Traffic Control Devices for Streets and Highways (MUTCD) governs *when* a stop sign must be placed, but contends that factors governing *where* a stop sign should be placed are governed by the American Association of State Highway and Transportation Officials (AASHTO). Regardless of whether the trial court was correct in ruling the County was immune under the KTCA, compare *Toumberlin v. Haas*, 236 Kan. 138, 143-44, 689 P.2d 808 (1984); *Carpenter v. Johnson*, 231 Kan. 783, 790, 649 P.2d 400 (1982); *Force v. City of Lawrence*, 17 Kan. App. 2d 90, Syl. ¶ 4, 838 P.2d 896, *rev. denied* 251 Kan. 937 (1992), the placement of the stop sign could not have been the proximate cause of the accident.

Regardless of the placement of the stop sign, the driver of the ATV had a duty to proceed cautiously to make sure the intersection was clear. K.S.A. 8-1528(b).

Plaintiff's argument that the ATV driver could have stopped at the stop sign where the view was obstructed and lawfully proceeded across the intersection without again checking for oncoming traffic flies in the face of the clear language of K.S.A. 8-1528(b). Here, it was the ATV driver's failure to stop and/or yield the right-of-way which caused the accident. No reasonable person

could conclude that the placement of the stop sign was the cause of the accident.

Plaintiff also argues the County negligently failed to remove vegetation which obstructed the view at the intersection. The *Toumberlin* court addressed a similar issue and concluded the county did not have a duty to clear unusual obstructions which lie off the traveled portion of the roadway. *Toumberlin*, 236 Kan. at 143-44, quoted with approval from *Lyke v. State Highway Comm.*, 160 Kan. 709, 711, 165 P.2d 228 (1946): " 'If there were obstructions to the view from the side it simply placed upon the plaintiff a greater degree of care in his approach to the intersection.' "

Here, the alleged visual obstruction did not lie on the traveled portion of the roadway; therefore, the County had no duty to remove it. The trial court did not err in granting the County summary judgment.

### Ray and Gladys Chastain

The trial court granted summary judgment for the Chastains on the basis that any foliage on the Chastain property could not have obstructed the view of a driver whose eyes were even with the stop sign, and that assuming such foliage was present, it could not have caused Christopher's death.

Plaintiff's claim against the Chastains was based on K.S.A. 8-2011(a), which provides it is the duty of owners of realty to remove trees, shrubs, etc., which obstruct the view of a driver and, thus, constitute a traffic hazard.

The defense expert testified that assuming a driver's eye was even with the stop sign and not behind it, there were no obstructions on the Chastain property which would have obscured the driver's view. On appeal, plaintiff's argument focuses on whether a driver who stops at a sign and whose eyes are *behind* the sign and not even with it, would have an obstructed view due to the vegetation on the Chastains' property. This question is irrelevant because this case involved an ATV, not a car.

Further, as discussed above, even if a driver who stopped at the sign had an obstructed view, the driver had a duty to proceed cautiously to a point where he or she had a clear view and could

cross the intersection safely. The trial court properly concluded the vegetation on the Chastain property could not have caused the accident. See *Goodaile v. Cowley County*, 111 Kan. 542, 207 Pac. 785 (1922).

In short, the trial court properly concluded this tragic accident was caused by the 11-year-old driver of the ATV failing to stop and/or yield the right-of-way. The trial court did not err in granting summary judgment in favor of all defendants.

Affirmed.